UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZACHARY I. POND,

          Petitioner,

    v.

COWLITZ COUNTY SUPERIOR COURT,

          Respondent.

CASE NO. 3:22-cv-05172-RSM-BAT

**REPORT AND RECOMMENDATION**

Petitioner, a pretrial detainee at the Cowlitz County Jail, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. The Court has reviewed the habeas petition under Rule 4 of the Rules Governing § 2254 cases and recommends the petition be DISMISSED WITHOUT PREJUDICE because it plainly appears from the face of the petition that Petitioner is not entitled to relief, and no amendment would alter this fact. If this recommendation is adopted, the Court should find the issue of whether Petitioner may proceed *in forma pauperis* or must pay the filing fee is moot.

## DISCUSSION

Under Rule 4 of the Rules Governing § 2254 cases, the Court must perform a preliminary review of a habeas petition. The Court should dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that

REPORT AND RECOMMENDATION - 1

the petitioner is not entitled to relief in the district court." Rule 4 also applies to habeas petitions brought under § 2241. *See* Rule1(b) of the Rules Governing Section 2254 cases ("The district court may apply any and all of these rules to a habeas corpus petition not covered" by 28 U.S.C. § 2254.).

A federal district court may consider the merits of a § 2254 habeas petition only if the petitioner can show his state judgment and conviction violate his federal constitutional rights and only after he has fully and fairly presented the alleged violations to the Washington State Supreme Court. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Davis v. Silva*, 511 F.3d 1005, 1008 (9th Cir. 2008) (habeas relief not available where petitioner has not appealed his federal constitutional violations to the highest state court). Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

Here, Petitioner seeks relief under § 2254, and alleges he has pending burglary and other charges in Cowlitz County Superior Court. Dkt. 1 (petition at 1) He seeks § 2254 habeas relief but has not been convicted or sentenced. Even assuming Petitioner has been convicted, he has not appealed his conviction or exhausted his state court remedies. *Id.* As grounds for relief he first alleges he was "PR'd" on November 21, 2021 after a motion to dismiss was heard in the Cowlitz County Superior Court "following an incompetency finding." *Id.* at 5. Petitioner then was transported to Spokane County and his confinement there caused "intentional governmental delays." *Id.*

Second, the § 2254 petition alleges violation of "Trueblood and Hand." *Id.* at 7. Petitioner contends the delays in transportation "caused [him] to miss the Western State Bed Date." *Id.* Third, Petitioner alleges the delays in his case violate his right to a speedy trial. And fourth,

REPORT AND RECOMMENDATION - 2

1  Petitioner alleges the prosecutor intentionally delayed transporting him causing him to miss a
2  bed date at Western State Hospital. *Id.* at 10. his case.
3      Petitioner indicates that the state courts have ordered he receive "restorative treatment,"
4  and he has a Department of Corrections (DOC) hold until June 24, 2022. *Id.* 13. As relief,
5  Petitioner requests "pretrial-dismissal with prejudice," and compensation. *Id.* at 15.
6      The Court has considered the habeas petition and finds contains deficiencies that cannot
7  be cured at this time. The Court therefore recommends the § 2254 petition be dismissed without
8  prejudice.  Because Petitioner proceeds pro se, the Court considers his pleadings under both 28
9  U.S.C. § 2254 and § 2241. If relief is sought under § 2254 the Court may consider the merits of a
10 habeas petition only if Petitioner can show that his state judgment and conviction violate his
11 federal constitutional rights and only after he has fully and fairly presented the alleged violations
12 to the Washington State Supreme Court.  A § 2254 federal habeas petition thus allows a federal
13 court to provide a state prisoner with ***post-conviction*** collateral relief. However, § 2254 habeas
14 relief is not available here because Petitioner has not yet been convicted or sentenced, and, even
15 if he had been, he has not yet sought review of his conviction or sentence in the state courts. *See*
16 *Davis*, 511 F.3d at 1008 (habeas relief not available where petitioner has not appealed his federal
17 constitutional violations to the highest state court).
18     Turning to 28 U.S.C. § 2241, a federal court will normally construe a habeas petition
19 filed by a prisoner in pretrial detention under § 2241. *See White v. Lambert*, 370 F.3d 1002, 1007
20 (9th Cir. 2004). A federal court, however, must normally abstain from interfering in a pending
21 state criminal prosecution, under *Carden v. Montana*, 626 F.2d 82, 83-84 (1980), cert. denied,
22 449 U.S. 1014 (1980); *see also Younger v. Harris*, 401 U.S. 37, 43-54 (1971). The *Younger*
23 abstention doctrine is based on principles of equity and comity. *Younger*, 401 U.S. at 43-54. The

REPORT AND RECOMMENDATION - 3

equitable principle at play is that courts should refrain from exercising their equitable powers when a movant has an adequate remedy at law. *Id.* Notions of comity require the federal government to let states be "free to perform their separate functions in their separate ways." *Id.* at 44. The Ninth Circuit applies a four-part test to determine application of *Younger* abstention:

> We must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves.

*San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). Federal courts do not invoke the *Younger* abstention if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

Each of the *Younger* criteria are satisfied here. First, Petitioner avers his state court criminal proceedings are ongoing. Second, as these proceedings involve a criminal prosecution, they implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49, (1986); *Younger*, 401 U.S. at 43-44. Third, Petitioner has failed to allege facts showing he has been denied an adequate opportunity to address the alleged constitutional violations in the state court proceedings. Rather, his habeas petition alleges his claims have been the subject of motions filed in the state court and rulings made by the state court judge. *See* Dkt. 1 (complaint) at 12 ("I believe my attorney has raised all the issues in motions to dismiss and court though maybe not labeling them as I have."). Last, Petitioner raises claims that would effectively terminate the ongoing state criminal proceeding.

REPORT AND RECOMMENDATION - 4

      Further, Petitioner has not shown bad faith, harassment, or some other extraordinary circumstance that would warrant federal intervention before his criminal proceedings and any appeal is completed. Rather, Petitioner challenges the rulings made by the state court judge, and the amount of time it is taking to transport him. There is no indication Petitioner has languished in the state courts for an impermissibly lengthy period of time without the state court attending to his case. Rather, it appears, as Petitioner alleges, his pending criminal case has involved motions to dismiss and rulings by the state court. *See e.g. Carden v. Montana*, 626 F.2d at 84 (violation of speedy trial right not alone an extraordinary circumstance); *see also Brown v. Ahern*, 676 F.3d 899, 903 (9th Cir. 2012) (reaffirming that *Carden's* "special circumstances" rule still applies); *id*. (district court properly dismissed on abstention grounds a pretrial petition asserting speedy trial claim).

      The Court therefore should abstain and dismiss the habeas petition without prejudice. *See Carden*, 626 F.2d at 84. The alleged constitutional violations that Petitioner claims have occurred are matters that can and should be addressed in the first instance by the trial court, and then by the state appellate courts, before Petitioner seeks a federal writ of habeas corpus.

      Because it is clear from the face of the petition that proceedings are ongoing in Petitioner's criminal case, the habeas petition is premature. Even if Petitioner had very recently been convicted and sentenced, it would be impossible that he could have already exhausted all of his state court remedies, which includes presenting claims to the Washington State Supreme Court as, at the time of filing his petition on December 13, 2021, he indicated he had not filed any appeal in state court but was seeking relief in this Court. Furthermore, the Court should abstain from inserting itself into Petitioner's pending criminal prosecution. Accordingly, it

REPORT AND RECOMMENDATION - 5

appears clear that federal habeas relief is presently unavailable, and that no amendment will cure this. The petition should be dismissed without prejudice.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability ("COA") from a district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds that no reasonable jurist would disagree Petitioner's claims are premature. Additionally, no reasonable jurist would disagree that a federal court should abstain from interfering with Petitioner's pending criminal charges and dismiss his criminal case as Petitioner requests. Accordingly, a COA should be DENIED.

## CONCLUSION

Based upon the foregoing, the undersigned recommends that the federal habeas petition (Dkt. 1) be DISMISSED without prejudice. The Court also recommends that a certificate of appealability be DENIED. A proposed order accompanies this Report and Recommendation.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Any objection to this report and recommendation must be filed no later than **April 7, 2022.** The Clerk should note the matter for **April 8, 2022**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 24th day of March, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7